Matthew C. Heyn (State Bar No. 227474)
Danielle Brown (Cal. Bar No. 236023)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067-6049
Telephone:  (310) 407-4000
Facsimile:  (310) 407-9090

General Bankruptcy Counsel for
Alfred H. Siegel, Solely as Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No: 2:08-bk-21752 BB |
| INDYMAC BANCORP, INC., | Chapter 7 |
| Debtor. | |
| ALFRED H. SIEGEL, CHAPTER 7 TRUSTEE, | Adversary Proc. No. _____ |
| Plaintiff, | **COMPLAINT TO AVOID AND RECOVER TRANSFERS OF PROPERTY** |
| v. | |
| JPMORGAN CHASE BANK, N.A., and J.P. MORGAN SECURITIES INC., | |
| Defendants. | |

123642.1

Plaintiff Alfred H. Siegel, solely as Chapter 7 Trustee (the "Trustee") of the estate of IndyMac Bancorp, Inc. ("Debtor"), for this complaint (the "Complaint") alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1. The Debtor's chapter 7 bankruptcy case, case no. 08-bk-21752 BB in the Bankruptcy Court for the Central District of California, Los Angeles Division (the "Bankruptcy Case") was commenced by the Debtor filing a voluntary petition under chapter 7 of title 11 of the United States Code ("Bankruptcy Code") on July 31, 2008 ("Petition Date"). This adversary proceeding (the "Adversary Proceeding") arises out of, and is related to, the Bankruptcy Case. This Court therefore has jurisdiction over the Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. The claims for relief set forth herein concern the avoidance and recovery of a fraudulent conveyance and/or preference pursuant to Bankruptcy Code sections 544, 547, 548 and 550 (11 U.S.C. §§ 544, 547, 548 and 550). This Adversary Proceeding, which is commenced pursuant to Bankruptcy Code sections 541 through 550 and in accordance with Rule 7001 of the Federal Rules of Bankruptcy Procedure, therefore constitutes a "core" proceeding under 28 U.S.C. §§ 157(b)(2)(F) and (H).

3. The Trustee was appointed interim chapter 7 trustee for the Debtor on or about August 4, 2008, and an order appointing the Trustee as permanent chapter 7 trustee was entered on or about December 4, 2008. Accordingly, the Trustee is authorized to commence suit on behalf of the Debtor's estate.

4. Defendant JPMorgan Chase Bank, N.A. ("J.P. Morgan Bank") is a national banking association chartered under the laws of the United States with its principal executive office at 270 Park Avenue, New York, New York 10012.

5. Defendant J.P. Morgan Securities Inc. ("J.P. Morgan Securities") is a Delaware corporation with its principal executive offices at 383 Madison Avenue, New York, New York 10179.

6. J.P. Morgan Bank and J.P. Morgan Securities are both subsidiaries of JPMorgan Chase & Co., a Delaware corporation with publicly issued shares traded on the

New York stock exchange.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1409, as the Bankruptcy Case is pending in this judicial district.

## GENERAL ALLEGATIONS

8. The Debtor was the indirect parent company of IndyMac Bank, F.S.B. (the "Bank"). The Debtor held all of the stock of IndyMac Intermediate Holdings, Inc., which in turn held the all of the stock of the Bank. Prior to the Petition Date, many (if not all) of the officers of the Debtor, including its general counsel, were also officers of the Bank.

9. Prior to May 2008, J.P. Morgan Securities and/or J.P. Morgan Bank performed financial advisory services for the Debtor and/or the Bank.

10. On or about April 30, 2008, the Debtor issued a check out of its Wells Fargo bank account numbered 4121202758 in the amount $332,644.60 to J.P. Morgan Bank in payment for the services performed by J.P. Morgan Securities and/or J.P. Morgan Bank. A true and correct copy of that check is attached hereto as Exhibit A. J.P. Morgan Bank deposited the check and Wells Fargo processed it on or about May 6, 2008.

11. On or about June 27, 2008, the Debtor issued a check out of its Wells Fargo bank account numbered 4121202758 in the amount $135,219.05 to J.P. Morgan Bank in payment for the services performed by J.P. Morgan Securities and/or J.P. Morgan Bank. A true and correct copy of that check is attached hereto as Exhibit A. J.P. Morgan Bank deposited the check and Wells Fargo processed it on or about July 8, 2008.[1]

12. On July 11, 2008, the Office of Thrift Supervision ("OTS") closed the Bank. On July 17, 2008, the OTS placed the Bank into receivership with the Federal Deposit Insurance Corporation.

13. On information and belief, on April 30 and at all times thereafter, the Debtor's equity interest in the Bank was worthless.

---

[1] The checks in the amounts of $135,219.05 and $332,644.60 are referred to herein as the "Transferred Funds" and the processing of those checks are referred to herein as the "Transfers."

123642.1    2    Complaint to Avoid and Recover Transfers of Property

Case 2:10-ap-02376-BB    Doc 1    Filed 07/29/10    Entered 07/29/10 12:16:59    Desc
Main Document    Page 4 of 18

## FIRST CLAIM FOR RELIEF

## (TO AVOID CONSTRUCTIVE FRAUDULENT TRANSFER PURSUANT

## TO BANKRUPTCY CODE SECTION 548 (11 U.S.C. §548))

14. Paragraphs 1 through 13, inclusive, of this Complaint are incorporated and realleged as though fully set forth herein.

15. The Transferred Funds were interests of the Debtor in property.

16. At the time of each of the Transfers, the Debtor was insolvent within the meaning of the Bankruptcy Code, in that (i) the sum of its debts was greater than the fair value of its assets or (ii) it was engaged in a business for which any property remaining after the each of the Transfers was unreasonably small capital.

17. On information and belief, the Debtor received less than reasonably equivalent value in exchange for the Transfer because (i) a significant amount of the Transferred Funds were to satisfy a debt of the Bank and/or for services to the Bank or, (ii) to the extend the services were for the Debtor, the financial services were unbeneficial and inadequate given that the Debtor filed bankruptcy soon after the Transfers.

18. By virtue of the foregoing, the Trustee may avoid the Transfer or some portion thereof pursuant to Bankruptcy Code § 548(a)(1)(B).

## SECOND CLAIM FOR RELIEF

## (TO AVOID CONSTRUCTIVE FRAUDULENT TRANSFER PURSUANT

## TO BANKRUPTCY CODE SECTION 544 (11 U.S.C. §544))

19. Paragraphs 1 through 13 and 15 through 17, inclusive, of this Complaint are incorporated and realleged as though fully set forth herein.

20. There is a creditor of the Debtor that holds an unsecured claim that is allowable under section 502 of the Bankruptcy Code and whose claim arose prior to the Transfer.

21. By virtue of the foregoing, the Trustee may avoid the Transfer pursuant to Bankruptcy Code § 544(b) and the California Uniform Fraudulent Transfer Act, specifically sections 3439.05 and 3439.07 of the California Civil Code.

Klee, Tuchin, Bogdanoff & Stern LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067-6049
Telephone: (310) 407-4000

## THIRD CLAIM FOR RELIEF

## (TO AVOID PREFERENTIAL PAYMENT PURSUANT

## TO BANKRUPTCY CODE SECTION 547 (11 U.S.C. §547))

22. Paragraphs 1 through 13 are incorporated and realleged as though fully set forth herein.

23. J.P. Morgan Securities was a creditor of the Debtor at the time of both of the Transfers.

24. J.P. Morgan Bank was a creditor of the Debtor at the time of both of the Transfers.

25. Both of the Transfers were for or on account of an antecedent debt owed by the Debtor before the Transfer was made.

26. Without in any way intending to alter the burden of proof, the Trustee alleges that the Transfer was made at a time that the Debtor was insolvent.

27. Both of the Transfers were made to J.P. Morgan Bank within 90 days of the Petition Date.

28. Both of the Transfers were made for the benefit of J.P. Morgan Securities Inc.

29. Each of the Transfers enabled J.P. Morgan Bank and J.P. Morgan Securities Inc. to receive more than they would have received under the Debtor's Bankruptcy Case if the Transfers were not made, and they received payment of such debt pursuant to the provisions of the Bankruptcy Code.

30. By virtue of the forgoing, the Trustee may avoid both of the Transfers pursuant to Bankruptcy Code § 547.

## FOURTH CLAIM FOR RELIEF

## (TO RECOVER AVOIDED TRANSFER AGAINST DEFENDANT

## FOR THE BENEFIT OF THE ESTATE UNDER

## BANKRUPTCY CODE SECTION 550 (11 U.S.C. §550))

31. Paragraphs 1 through 13, 15 through 21, and 23 through 30, inclusive, of this Complaint are incorporated and realleged as though fully set forth herein.

Klee, Tuchin, Bogdanoff & Stern LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067-6049
Telephone: (310) 407-4000

32. To the extent that the Transfers are avoided pursuant to Bankruptcy Code sections 544, 547 or 548 (11 U.S.C. §§ 544, 547 or 548), the Trustee should recover the Transferred Funds pursuant to Bankruptcy Code section 550(a)(1) (11 U.S.C. § 550(a)(1)), together with interest as permitted by law.

## RELIEF REQUESTED

WHEREFORE, the Trustee prays that this Court enter judgment as follows:

1. On each of the First through Third Claims for Relief, that both of the Transfers be avoided and set aside;

2. On the Fourth Claim for Relief, that the Trustee recover from Defendant the amount of the Transferred Funds;

3. On each and all of the Claims for Relief, for an award of prejudgment interest at the legal rate allowed under 28 U.S.C. § 1961 from the date of the Transfer, an award of costs incurred in this suit, and such other and further relief as this Court may deem necessary and proper.

DATED: July 29, 2010                     Respectfully Submitted,

*/s/ Matthew Heyn*
Matthew C. Heyn
KLEE, TUCHIN, BOGDANOFF & STERN LLP
General Bankruptcy Counsel for Alfred H. Siegel,
Solely as Chapter 7 Trustee

123642.1                     5                     Complaint to Avoid and Recover Transfers of Property

Case 2:10-ap-02376-BB    Doc 1    Filed 07/29/10    Entered 07/29/10 12:16:59    Desc
Main Document    Page 7 of 18

Exhibit "A"

Date: August 28, 2008     Wells Fargo PhotoCopy Request     Page 9 of 13

Reference: 1000211001727:1000211008727:1000210973727

---

**WARNING – THIS CHECK IS PROTECTED BY SPECIAL SECURITY GUARD PROGRAM™ FEATURES**

**imb IndymacBancorp. Inc**

11-24/1210
WELLS FARGO BANK
707 Wilshire Blvd
Los Angeles, CA 90017

0000000634

Indymac Bancorp, Inc.
Accounts Payable Dept
888 E. Walnut St.
Pasadena, CA 91101

Date: Apr/30/2008     Pay Amount $332,644.60***

Pay ****THREE HUNDRED THIRTY-TWO THOUSAND SIX HUNDRED FORTY-FOUR AND 60 / 100 DOLLAR****

To The Order Of:
JP MORGAN CHASE BANK NA
Attn: Maria T. Scambellone, VP
PO Box 13658
Newark, NJ 07188-0658

VOID AFTER 180 DAYS

*Scott [signature]*
AUTHORIZED SIGNATURE

SECURE FEATURES INCLUDE INVISIBLE FIBERS • MICROPRINTING • VOID FEATURE PANTOGRAPH • ENDORSEMENT BACKER • BROWNSTAIN CHEMICAL REACTANT

⑈000000634⑈ ⑆121000248⑆ 4121202758⑈ ⑈00332644460⑈

---

0013658 05 $0033264460 04505565 050608
DDA 7093720064    ABS OF END GRTD
CR WITHIN NMD PAYEE    JPMORGANCHASE BK NA
560577 06 008   ALL RTS RSVD  &gt;074909962&lt;
050   2876   21
05062008
074909962

097056529

324989

---

| | | | |
|---|---|---|---|
| *R/T Number* | 10700543 | *Processing Date* | 20080506 |
| *Sequence Number* | 8839366015 | *Amount* | 332644.60 |
| *Account Number* | 4121202758 | *Check Number* | 634 |

*Date: August 28, 2008*    *Wells Fargo PhotoCopy Request*    *Page 15 of 15*

*Reference: 1000211157022:1000211164022:1000211129022*



**WARNING – THIS CHECK IS PROTECTED BY SPECIAL SECURITY GUARD PROGRAM™ FEATURES**

11-24/1210

**imb** indymac Bancorp, Inc.

WELLS FARGO BANK
707 Wilshire Blvd
Los Angeles, CA 90017

0000000652

**Indymac Bancorp, Inc.**
Accounts Payable Dept
888 E. Walnut St.
Pasadena, CA 91101

Date    Jun/27/2008    Pay Amount    $135,219.05***

Pay    ****ONE HUNDRED THIRTY-FIVE THOUSAND TWO HUNDRED NINETEEN AND 05 / 100 DOLLAR****

VOID AFTER 180 DAYS

To The Order Of    JPMORGAN CHASE BANK
Attn: Maria T. Sgambellone
P.O. BOX 13658
Newark, NJ-07188-0658

*Blai Alwt*

AUTHORIZED SIGNATURE

SECURE FEATURES INCLUDE INVISIBLE FIBERS • MICROPRINTING • VOID FEATURE PANTOGRAPH • ENDORSEMENT BACKER • BROWNSTAIN CHEMICAL REACTANT

⑆000000652⑆  ⑈121000248⑈  4121202758⑈    ⑆00135219050⑆

---

0013658 05 S0013521905 04505601 070808
DDA 709372064    ABS OF FND GRTD
CR WITHIN HRS PRLEE  JPMORGANCHASE BK UN
560673 06 026    REL RV: #500    >074909962<
0763343
0747453

8870764372

334930

---

| | | | |
|---|---|---|---|
| *R/T Number* | 10700543 | *Processing Date* | 20080708 |
| *Sequence Number* | 8879580247 | *Amount* | 135219.05 |
| *Account Number* | 4121202758 | *Check Number* | 652 |

FORM B104 (08/07)     2007 USBC, Central District of California

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| **NAME OF DEBTOR** || **BANKRUPTCY CASE NO.** |
| **DISTRICT IN WHICH CASE IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||
|---|---|
| **DATE** | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Numbers

FOR COURT USE ONLY

*Attorney for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

In re:

CHAPTER _____

CASE NUMBER

Debtor.

ADVERSARY NUMBER

Plaintiff(s),

vs.

Defendant(s).

*(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*

**SUMMONS AND NOTICE OF STATUS CONFERENCE**

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

**Hearing Date:**              **Time:**              **Courtroom:**              **Floor:**

❑ **255 East Temple Street, Los Angeles**        ❑ **411 West Fourth Street, Santa Ana**

❑ **21041 Burbank Boulevard, Woodland Hills**    ❑ **1415 State Street, Santa Barbara**

❑ **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
*Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA)

**F 7004-1**

Summons and Notice of Status Conference - *Page 2*

F 7004-1

| In re | (SHORT TITLE) | CASE NO.: |
|---|---|---|
| | Debtor(s). | |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____    _____
*Date*         *Type Name*              *Signature*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA)

F 7004-1

Additional person(s) and/or entities served:

J.P. Morgan Securities Inc.
383 Madison Ave.
New York, NY 10179 (U.S. Mail)

James Dimon
JPMorgan Chase & Co.
270 Park Avenue
New York, NY 10017 (Certified Mail)

JP Morgan Chase
1111 Polaris Parkway
Columbus, OH 43240 (U.S. Mail)

Jes Staley
J.P. Morgan Securities Inc.
383 Madison Ave.
New York, NY 10179 (Certified Mail)

Lee R. Bogdanoff (State Bar No. 119542)
David M. Stern (State Bar No. 67697)
Matthew C. Heyn (State Bar No. 227474)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067-6049
Telephone:   (310) 407-4000
Facsimile:    (310) 407-9090

Bankruptcy Counsel for Alfred H. Siegel,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>INDYMAC BANCORP, INC.,<br><br>Debtor. | Case No: 2:08-bk-21752 BB<br><br>Chapter 7 |
| ALFRED H. SIEGEL, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., and J.P. MORGAN SECURITIES INC.,<br><br>Defendants. | Adversary Proc. No. _____<br><br>**NOTICE TO DEFENDANTS PURSUANT TO LBR 7026-1** |

124153.1

**TO: DEFENDANTS JPMORGAN CHASE BANK, N.A., and J.P. MORGAN SECURITIES INC.**

PLEASE TAKE NOTICE that compliance with Rule 7026 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 7026-1 is required in all adversary proceedings. For your reference, Rule 7026 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 7026-1 are attached hereto.

DATED: July 28, 2010          Respectfully Submitted,

*[signature]*

MATTHEW C. HEYN
KLEE, TUCHIN, BOGDANOFF & STERN LLP
Bankruptcy Counsel for Alfred H. Siegel, Chapter 7 Trustee

124153.1                              1

**Federal Rules of Bankruptcy Procedure, Rule 7026. General Provisions Governing Discovery**

Rule 26 F.R.Civ.P. applies in adversary proceedings.


**Local Bankruptcy Rules, LBR 7026-1. DISCOVERY**

(a) General. Compliance with FRBP 7026 and this rule is required in all adversary proceedings.

   (1) Notice. The plaintiff must serve with the summons and complaint a notice that compliance with FRBP 7026 and this rule is required.

   (2) Proof of Service. The plaintiff must file a proof of service of this notice together with the proof of service of the summons and complaint.

(b) Discovery Conference and Disclosures.

   (1) Conference of Parties. Unless all defendants default, the parties must conduct the meeting and exchange the information required by FRBP 7026 within the time limits set forth therein.

   (2) Joint Status Report. Within 7 days after such meeting, the parties must prepare a joint status report containing the information set forth in LBR 7016-1(a)(2). The joint status report will serve as the written report of the meeting required by FRBP 7026.

(c) Failure to Make Disclosures or Cooperate in Discovery.

   (1) General. Unless excused from complying with this rule by order of the court for good cause shown, a party must seek to resolve any dispute arising under FRBP 7026-7037 or FRBP 2004 in accordance with this rule.

   (2) Meeting of Counsel. Prior to the filing of any motion relating to discovery, counsel for the parties must meet in person or by telephone in a good faith effort to resolve a discovery dispute. It is the responsibility of counsel for the moving party to arrange the conference. Unless altered by agreement of the parties or by order of the court for cause shown, counsel for the opposing party must meet with counsel for the moving party within 10 days of service upon counsel of a letter requesting such meeting and specifying the terms of the discovery order to be sought.

   (3) Moving Papers. If counsel are unable to resolve the dispute, the party seeking discovery must file and serve a notice of motion together with a written stipulation by the parties.

      (A) The stipulation must be contained in 1 document and must identify, separately and with particularity, each disputed issue that remains to be

124153.1

determined at the hearing and the contentions and points and authorities of each party as to each issue.

(B) The stipulation must not simply refer the court to the document containing the discovery request forming the basis of the dispute. For example, if the sufficiency of an answer to an interrogatory is in issue, the stipulation must contain, verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions, separately stated.

(C) In the absence of such stipulation or a declaration of counsel of noncooperation by the opposing party, the court will not consider the discovery motion.

(4) Cooperation of Counsel; Sanctions. The failure of any counsel either to cooperate in this procedure, to attend the meeting of counsel, or to provide the moving party the information necessary to prepare the stipulation required by this rule within 7 days of the meeting of counsel will result in the imposition of sanctions, including the sanctions authorized by FRBP 7037 and LBR 9011-3.

(5) Contempt. LBR 9020-1 governing contempt proceedings applies to a discovery motion to compel a non-party to comply with a deposition subpoena for testimony and/or documents under FRBP 7030 and 7034.

124153.1